**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ELIJAH HARMON** | : | |
| Petitioner | : | CIVIL ACTION NO. 3:19-1302 |
| v. | : | (JUDGE MANNION) |
| **IMMIGRATION CUSTOMS, ENFORMCEMENT** | : | |
| | : | |
| Respondent | | |

**MEMORANDUM**

Elijah, a detainee of the U.S. Department of Homeland Security (DHS), presently confined in the York County Prison, York, Pennsylvania, filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc.1). Petitioner challenges the criminal conviction underlying his removal order. *Id.* For the reasons set forth below, the Court will dismiss the petition for lack of jurisdiction.

**I. Background**

Harmon is a native and citizen of Liberia who entered the United States on April 15, 2004, as an immigrant refugee. (Doc. 8-1 at 3, Record of Deportable/Inadmissible Alien).

On September 17, 2008, The Superior Court of Mercer County convicted Harmon for Possession of a Firearm at School. Id.

On July 24, 2013, Harmon was convicted of Possession of Marijuana, other related drug charges, and disorderly conduct. Id. He was sentenced to one year of probation. Id.

On January 10, 2015, Harmon was arrested for Contempt – Violate Domestic Violence and Possession of a Controlled Substance. Id. No disposition is available for these charges. Id.

On July 16, 2016, Harmon was convicted of Hindering Oneself/Giving False I.D. and sentenced to a fine. Id.

On January 30, 2018, Harmon was convicted of controlled substance violations and sentenced to one year less a one-day to no more than 2 two years less a one-day imprisonment and five years' probation. Id.

On January 30, 2018, Harmon pled guilty to two counts of Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver Heroin. (Doc. 8-1 at 7, Criminal Docket). He also pled guilty to five counts of Criminal Use of a Communication Facility, and one count of Use or Possession of Drug Paraphernalia. Id. He was sentenced to 11 months 29 days to 23 months 29 days imprisonment on each PWID count. Id.

On June 17, 2018, after completion of his criminal sentence, ICE arrested Harmon and placed him in custody. (Doc. 8-1 at 3, Record of Deportable/Inadmissible Alien).

On June 18, 2018, ICE issued Harmon a Notice to Appear charging him as removable pursuant to Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (INA) in that at any time after admission he was convicted of an aggravated felony, to wit: an offense relating to the illicit trafficking in a controlled substance. (Doc. 8-1 at 22, Notice to Appear).

On March 14, 2019, an immigration judge denied all applications for withholding of removal and ordered Harmon removed to Liberia. (Doc. 8-1 at 24, Removal Order). Harmon appealed this decision to the Board of Immigration Appeals who, on August 13, 2019, dismissed that appeal. (Doc. 8-1 at 27, BIA Decision).

On August 30, 2019, Harmon filed a petition for review with the Third Circuit Court of Appeals. See Harmon v. Att'y Gen., No. 19-3015 (3d Cir. 2019). He was granted a temporary stay of removal pursuant to the Third Circuit's standing practice order until such time as the Court can adjudicate his stay motion. Id. The government has moved to dismiss his petition for review for lack of jurisdiction where Harmon has been convicted of an aggravated felony such the "criminal bar" contained in 8 U.S.C.

§1252(a)(2)(C) divests the Third Circuit of jurisdiction where Harmon has not raised any constitutional claims or questions of law. Id.

On September 16, 2019, the immigration judge denied Harmon bond for lack of jurisdiction where, according to ICE, Harmon was a post-final order detainee whose detention has not exceeded the 180 days necessary to warrant a bond hearing. (Doc. 8-1 at 31, Bond Denial). Alternatively, the IJ found Harmon to be a danger. Id.

On July 25, 2019, Harmon filed the instant petition for writ of habeas corpus, in which he raises the following two grounds for relief:

1. I have the right to be informed of all possible arrests and or detentions if I were to plead guilty to crime(s) I could have been exonerated of had I had a jury trial. I have lived in the United States for 15 yrs., graduating high school, working for 4 yrs, and remained trouble free. I only plead guilty to the crime(s) accused of just to be released from prison and be able to move on with my life. Had I knew this would effect me being deported, I would never have entered a plea of guilty. I have (3) children born and living in the United States, and would be fatherless if I am deported.

2. I filed a PCRA petition in the Common Pleas Court that was dismissed. I am currently trying to find an attorney to reopen my case and appeal to the Pennsylvania Superior Court asking to reinstate my appellate rights nunc pro tunc.

(Doc. 1, petition). For relief Petitioner requests that the Court "grant [him] a stay so as to seek counsel to resolve [his] Bucks County criminal defense, where I'll resolve the matter that would allow [him] to remain within the United States" as well as "to be released on bond or supervised release." Id.

A response to the petition was filed on October 9, 2019 (Doc. 8). No traverse has been filed.

## II. Discussion

The Supreme Court has held that §2241 confers jurisdiction upon the federal district courts to consider cases challenging the detention of aliens during removal proceedings. Demore v. Kim, 538 U.S. 510 (2003); Zadvydas v. Davis, 533 U.S. 678 (2001). However, on May 11, 2005, Congress enacted the REAL ID Act of 2005, Pub.L.No. 109–13, Div. B, 119 Stat. 231 (2005) (REAL ID Act), which divested the district courts of subject matter jurisdiction, whether through habeas corpus or otherwise, to review removal orders of any alien. See 8 U.S.C. §1252(a)(5). The REAL ID Act provides that the "sole and exclusive means for judicial review" of an order of removal and matters dependent thereon, shall be a petition for review filed with the appropriate court of appeals. Id. Thus, the REAL ID Act expressly eliminated district-courts' jurisdiction over habeas corpus petitions challenging orders of removal. See Haider v. Gonzales, 438 F.3d 902, 909–910 (8th Cir.2006) (alien's claim that an *in absentia* order of removal was invalid due to lack of notice "does nothing more than attack the IJ's removal order," and thus proper jurisdiction of such a claim was in the court of appeals; *see also*

Bonhometre v. Gonzales, 414 F.3d 442, 445–446 (3d Cir. 2005) (same). Consequently, any available challenge to Harmon's order of removal must be brought in the Third Circuit Court of Appeals, which has jurisdiction over the immigration court that issued the deportation order. *See* 8 U.S.C. §1252(b)(2). As demonstrated by the record, Petitioner is currently pursuing a challenge to his removal order in the Third Circuit. See Harmon v. Att'y Gen., No. 19-3015 (3d Cir. 2019).

### III. Conclusion

Petitioner's §2241 petition (Doc. 1) will be dismissed for lack of jurisdiction.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION
United States District Judge**

**Dated: April 8 , 2020**
19-1302-01